UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:06-CR-31 |
| V. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JOHN WAYNE REAGAN | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter came before the undersigned on September 19, 2006 for a scheduled hearing on Defendant's Motion For Release On Bond [Doc. 19], filed on July 24, 2006. Assistant United States Attorney Tracee Plowell was present representing the government. Attorney Kim Tollison was present representing Defendant Reagan, who was also present. Defendant asks that the Court reconsider its previous Order [Doc. 13] that Defendant be detained pending his trial. He contends that at the April 19, 2006 detention hearing, the Court was not made aware of the medical problems suffered by Defendant's three year-old daughter and requests that the Court grant him a bond so that he may continue to participate in her medical care.

In the Court's oral ruling, a complete review and analysis of the parties' positions, issues, and facts were stated. That specific and detailed oral ruling made by the Court is set forth below:

> "All right. With regard to the motion the court would first note that
> there is some question as to the validity of the right to reconsideration
> at all because the court did hear testimony at the first hearing from

1

Carrie Reagan regarding Kaylee, her vascular condition, her need for medical treatment and the defendant's support and encouragement with regard to her. However, the court does acknowledge Mr. Tollison was not present at that hearing and the court also notes from its notes that perhaps that information was not provided to the extent that it was provided today, but it was substantially similar. Accordingly, the court did take that into consideration in the first hearing.

However, out of an abundance of caution and with due consideration for the defendant's motion I have again reviewed my entire notes and the entire prior testimony, which was lengthy and comprehensive. I have also reviewed the Pretrial Services report in detail, reviewed my prior ruling and given fresh and new consideration to all of the information proffered today.

It probably goes without saying that this is an absolutely adorable child for whom I continue to have great sympathy and great compassion for her, her condition and her entire family. In fact, if Kaylee was the only one I had to consider, I might well consider letting the defendant out on some kind of bond and conditions. However, that isn't the case and the court has to consider the public and it has to follow the law in determining that answer. I again note that this is a presumption case for detention purposes which means

that the defendant is presumed to be a flight risk and a danger to the community and it is presumed that there are no conditions that will reasonably assure that he will either appear or assure the court of the safety of the community. Nonetheless, I have gone through all of the factors again and note that the 3142(g) factors appear to argue again clearly in favor of detention.

First, the first factor, the crime charged in this case is charged a crime of violence. He is charged with robbery, charged with showing a weapon. In state court it is aggravated robbery. In addition to that, there is the flight from the police.

Second, the second factor, the weight of the evidence which is normally a wash, the court has in this case an admission or confession with regard to the allegations and accordingly the weight of the evidence argues in favor of detention.

With regard to the factors of history and characteristics of the defendant, it appears from the prior record that the defendant has good family ties, community ties and favorable physical and mental condition issues, but as the court noted then, he also has three prior felony drug convictions, he has pending burglary charges, he has a history of drug use escalating from marijuana to cocaine to ecstasy. He has drug sales history, including amphetamines, and it appears to the court today, as it did then, that his concern for himself and his

desire for drugs exceeded his concern for his children then and would exceed his concern for his children now. It appears that the only time he has quit has been due to incarceration.

The court also notes with regard to the appearance issue that Knox County issued a fugitive absconder warrant for him, Florida has a pending fugitive absconder warrant for him, the United States military found him to be AWOL and dishonorably discharged him and the police in this case had to chase him at high speed in order to get him to stop. Accordingly, for all those reasons, he appears to be still a severe flight risk.

The court also notes he was on probation at the time of this very offense out of Florida.

The next set of factors, the nature and seriousness of the danger. If he were to be released, the court notes that even if I put him on home detention with some work release I am concerned that his history of drug use and trafficking, his history of prior felonies and his history of the recent apparent crime spree that proceeded this incident going back to the July of '05 incident involving the burglary of a vehicle, November of '05 involving criminal trespass, February 28th of '06 involving burglary at Shoffner Mechanical, this robbery in March of '06 and a separate burglary in March of '06, all this occurred in a very recent time span and is the recent time span he was

out immediately prior to being arrested which he has been incarcerated every since. The court is mindful that all of this occurred despite Kaylee's condition and apparently without any concern for her condition.

The court notes that he was on bond at each of the times of these various offenses and apparently the fact that he is on a bond from a court hasn't deterred his conduct at all. Accordingly, the court finds no reason to believe that his behavior will change, if he is released.

The court can't help but note, Mr. Reagan, that being a good father means more than just being there when a child is sick. It includes being a good role model. It includes modeling the proper morality and values of honesty, obedience to the law, not taking things that belong to others, not using drugs. Unfortunately your life, at least your recent past, has been one of modeling bad behavior. Being a father is being someone that a child looks up to not just from their hospital bed, but for their life. I am not sure that you would even want your child to look up to your life in the recent past for guidance. It is really your past actions that prevent you from being able to be with your daughter now. You will blame me, but it is not the court, it is your actions that have led to this result.

The court finds that the defendant's desire to be released for

his daughter is simply too great a risk to the public. That I believe in this case that if released Mr. Reagan would likely run, as he has in the past, and even if he didn't I believe the temptation to commit further crimes would be too great and I believe it would be too great a risk to the public. Therefore, I deny the motion for reconsideration, and, for the record, I continue to find the defendant by a preponderance of the evidence to be a risk of flight and by clear and convincing evidence to be a danger to the community."

It is therefore **ORDERED** that the Defendant, John Wayne Reagan, remain in detention pending trial. See 18 U.S.C. § 3142(e). Defendant is to continue to be committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge